UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH PETRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-72 (CEJ) |
| | ) |
| VALARITY, LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss Counts I, III, IV, and V of plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff Joseph Petri brings this action alleging that defendant Valarity, LLC, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.*, while attempting to collect a consumer debt allegedly owed by plaintiff to a third party.

### **I.    Background**

Plaintiff alleges that, on or around January 28, 2014, defendant called him on his cell phone to collect a debt for medical services provided by Mercy Hospital.[1] Complaint ¶¶ 11, 13. Defendant did not have plaintiff's prior express written consent to call his cell phone and failed to inform him that he had a right to dispute the debt. ¶¶14, 17. During the initial call, plaintiff disputed the debt and asked for verification, which he has never received. ¶¶15-16. Over the next three months, plaintiff received further cell phone calls from defendant. ¶¶19, 21, 26-27. He

---

[1] Plaintiff alleges that the debt was "ultimately found to be a mistake." ¶13.

alleges that he expressly rescinded any consent for defendant to call his cell phone, stated that he did not want to receive calls during the evening, and disputed the debt, all to no effect. ¶¶18, 22, 24, 27. Some of the calls were placed using an automatic dialing system. ¶¶19, 25. On March 13, 2014, defendant called using the automatic dialing system and hung up when plaintiff tried to respond. ¶20.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Discussion

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, . . . and debt collectors are liable for failure to comply with any provision of the Act." Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997, 1000 (8th Cir. 2011). The FDCPA provides for strict liability and is to be construed liberally to protect consumers. Hinten v. Midland Funding, LLC, No. 2:13-CV-54 (DDN), 2013 WL 5739035 at *5 (E.D. Mo. Oct. 22, 2013). In order to sustain a claim against a debt collector under the FDCPA, a plaintiff must prove:

> 1) plaintiff has been the object of collection activity arising from a consumer debt; 2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and 3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

O'Conner v. Credit Prot. Ass'n, LP, No. 4:11-CV-2187 (SNLJ), 2013 WL 5340927 at *6 (E.D. Mo. Sept. 23, 2013). There is no dispute that plaintiff's complaint adequately pleads the first two elements.

### A.    Count I – Violation of 15 U.S.C. § 1692c(a)(1)

Plaintiff asserts that defendant violated § 1692c(a)(1), which provides:

Without the prior consent of the consumer given directly to the debt collector . . . , a debt collector may not communicate with a consumer in connection with the collection of any debt --

> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location. . .

15 U.S.C.A. § 1692c. Plaintiff claims that defendant violated this provision by continuing to call him in the evening after he expressly requested that it not do so. Defendant seeks dismissal because plaintiff does not allege that Valarity knew it

was calling him at an inconvenient time or place, citing <u>Saunders v. NCO Fin. Sys., Inc.</u>, 910 F. Supp. 2d 464 (E.D.N.Y. 2012), in support of its argument. In <u>Saunders</u>, the plaintiff argued that every call he received from the debt collector after he demanded it to stop calling was "inconvenient." The court rejected that argument, noting that nothing in plaintiff's communications to defendant complained about the calls being received at an inconvenient time or place. "Section 1692c(a)(1) focuses on the disregard of a <u>known</u> or obvious time or place restriction . . ." <u>Id.</u> at 470 (emphasis added). Here, plaintiff alleges that defendant continued to call him in the evening after being asked not to do so. The court finds that plaintiff's allegation that defendant continued to call in the evenings after being asked not to do so sufficiently states a claim under § 1692c(a)(1).

### B. Count III – Violation of 15 U.S.C. § 1692g(b)

Plaintiff alleges that defendant violated § 1692g(b) by continuing to contact him after he disputed the debt.

Within five days after an initial communication with a consumer, a debt collector must send a validation notice.[2] 15 U.S.C. § 1692g(a). Among other things, the notice must include a statement that the consumer has thirty days in which to notify the debt collector in writing that the debt, or any portion thereof, is disputed. <u>Id.</u> Subsection (b) states in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt. . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector. Collection activities and communications . . . may continue during the

---

[2] In Count II, plaintiff alleges that defendant violated 15 U.S.C. 1692g(a) by failing to provide the required written notice. Defendant does not seek dismissal of this claim.

- 4 -

> 30-day period . . . unless the consumer has notified the debt collector in writing that the debt . . . is disputed . . . <u>Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt</u> . . .

15 U.S.C.A. § 1692g(b) (emphasis added).

Defendant argues that plaintiff's claim fails because he did not dispute the debt in writing. The court disagrees, based on the plain language of the statute: Once a consumer disputes the debt in writing, the debt collector must cease collection efforts, and thus there is no possibility of "overshadowing." See <u>Read v. Messerli & Kramer, PA</u>, No. CIV. 11-3729 JNE/FLN, 2012 WL 1439046, at *2 (D. Minn. Apr. 26, 2012) (in the absence of written dispute, debt collector may continue collection activities and communications during the thirty-day period but must not overshadow the disclosure of the consumer's right to dispute the debt); <u>see also</u> <u>Busch v. Valarity, LLC</u>, No. 4:12-CV-2372-JAR, 2014 WL 466221, at *4 (E.D. Mo. Feb. 5, 2014) (a majority of district courts have concluded that § 1692g does not require a consumer to dispute a debt in writing). Defendant's motion to dismiss Count III will be denied.

### C. <u>Count IV – Violation of 15 U.S.C. § 1692d</u>

Section 1692d prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Plaintiff argues that defendant violated this provision by calling him repeatedly and in the evenings after he asked it to stop doing so, using an automatic phone dialing system, and hanging up on him when he answered. Defendant argues that plaintiff's claim fails because he has not alleged that the calls were made late at

night or early in the morning, contained profanity, were made frequently, or otherwise displayed an intent to harass.

Under § 1692d, there are no bright-line rules as to what constitutes harassment or what demonstrates intent to annoy. Davis v. Diversified Consultants, Inc., No. CIV. 13-10875-FDS, 2014 WL 2944864 (D. Mass. June 27, 2014). In determining whether the intent requirement is met, courts often look to the volume, frequency, and persistence of calls, to whether defendant continued to call after plaintiff requested it cease, and to whether plaintiff actually owed the alleged debt. Id. (citing cases). "Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made." Kerwin v. Remittance Assistance Corp., 559 F.Supp.2d 1117, 1124 (D. Nev. 2008).

"Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985). Whether plaintiff can demonstrate an intent to harass is an issue that cannot be decided at this stage of the case. Pratt v. CMRE Fin. Servs., Inc., No. 4:10-CV-2332 CEJ, 2011 WL 1212221, at *2 (E.D. Mo. Mar. 30, 2011) (denying motion to dismiss where plaintiff alleged that defendant continued to call after he informed it that it was calling the wrong number); see also Shand-Pistilli v. Prof'l Account Servs., Inc., No. 10-CV-1808, 2010 WL 2978029, at *5 (E.D. Pa. July 26, 2010) (denying motion to dismiss where plaintiff alleged that defendant called "continuously"). Defendant's motion to dismiss Count IV will be denied.

### D. Count V – Violation of 15 U.S.C. § 1692f

Section 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt." The statute provides a nonexclusive list of "unfair or unconscionable" practices, including trying to collect an unauthorized debt; accepting, soliciting or depositing postdated checks; making collect calls; and threatening to repossess property where there is no right to do so. Section 1692f is considered to be a catch-all provision for conduct that is unfair but is not specifically identified in any other section of the FDCPA. Rush v. Portfolio Recovery Associates LLC, 977 F. Supp. 2d 414, 432 (D.N.J. 2013). "Courts have therefore determined that § 1692f cannot be the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA, and routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the FDCPA." Id. (internal quotation marks, citations and alterations omitted). Here, plaintiff's Count V does not allege additional misconduct beyond that which forms the basis of his other counts. Defendant's motion to dismiss Count V will be granted.

\* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that defendant's partial motion to dismiss [Doc.#6] is **granted** with respect to Count V and **denied** with respect to Counts I, III, and IV.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2015.