```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
     EASTERN DIVISION


JOSEPH PETRI,                       )
                                    )
         Plaintiff,                 )
                                    )
    vs.                             )    Case No. 4:15-CV-72 (CEJ)
                                    )
VALARITY, LLC,                      )
                                    )
         Defendant.                 )
```

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for leave to file a second amended complaint. Defendant has filed a response in opposition to the motion and the issues are fully briefed.

### I.  Background

Plaintiff Joseph Petri alleges that defendant Valarity, LLC, violated provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.*, while attempting to collect a consumer debt allegedly owed by plaintiff to a third party. On April 10, 2015, the court entered a case management order, setting May 15, 2015, as the deadline for joining parties or amending pleadings without leave of court. On June 2, 2015, plaintiff filed a motion for leave to file his first amended complaint. On June 15, 2015, the court granted the motion over defendant's opposition, finding in that instance that plaintiff had been diligent in attempting to comply with the scheduling order. Plaintiff now seeks leave to amend yet again to add Mercy Hospital St. Louis as a defendant and to bring TCPA claims on behalf of a class. Defendant opposes the motion.

### II.  Discussion

Rule 15(a)(2), Fed.R.Civ.P., states that courts should "freely give leave" to amend pleadings "when justice so requires." However, when a party seeks leave to amend a pleading outside the deadline set forth in a case management order, the "good cause" standard of Rule 16(b) applies, not the more liberal standard of Rule 15(a). Sherman v. Winco Fireworks,Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008). Moreover, in that circumstance, "the application of Rule 16(b)'s good-cause standard is not optional." Sherman, 532 F3d at 716.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman, 532 F.3d at 716 (8th Cir. 2008) (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

Here, plaintiff relies solely on Rule 15 and has made no attempt to establish that he was diligent in seeking yet another amendment to the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend complaint [Doc. #31] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2015.