UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH PETRI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )    No. 4:15-CV-72 (CEJ) |
| | ) |
| VALARITY, LLC, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to consolidate this matter with Joseph Petri v. Mercy Health d/b/a Mercy Hospital St. Louis, 4:15-CV-1296 (CDP). Valarity, LLC, the defendant in this matter, and Mercy Health, the defendant in the related case, have filed responses in opposition to the motion and the issues are fully briefed.

**I.    Background**

On January 13, 2015, plaintiff Joseph Petri filed this action ("the Valarity action") bringing claims that defendant Valarity, LLC, violated provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1962 *et seq.*, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.*, while attempting to collect a consumer debt allegedly owed by plaintiff to Mercy Health. On July 22, 2015, plaintiff sought leave to amend his complaint to add Mercy Health as a defendant in this action and to bring TCPA claims on behalf of a class. The court denied the motion on August 12, 2015, finding that plaintiff had not met the Rule 16(b) "good cause" standard for amending pleadings outside the deadline set forth in the case management order. See Sherman v. Winco Fireworks, Inc., 532

F.3d 709, 716 (8th Cir. 2008) (court required to apply Rule 16, rather than Rule 15, when addressing motion to amend filed after established scheduling deadline for amending pleadings). On August 21, 2015, plaintiff filed a separate class action complaint against Mercy Health for TCPA violations on behalf of himself and all similarly-situated others ("the Mercy action"). On September 18, 2015, plaintiff accepted an offer of judgment in the Valarity case with respect to his FDCPA claims.

**II.     Discussion**

Federal Rule of Civil Procedure 42(a) states that "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the court must examine "the special underlying facts" with "close attention" before ordering consolidation. In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993). The purpose of consolidation is to promote convenience and economy in administration and is not appropriate if it "leads to inefficiency, inconvenience, or unfair prejudice to a party." PB & J Software, LLC v. Acronis, Inc., No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (citing Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994), and EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998)).

Plaintiff notes that this court has previously consolidated cases bringing FDCPA claims against defendant Valarity. See Joseph Busch v. Valarity, LLC, No.4:12-CV2372 (JAR) (E.D. Mo. Jan. 31, 2013). The cases consolidated in Busch involved identical allegations brought by nine individuals against a single defendant. In contrast, the plaintiff here seeks to consolidate cases naming different defendants. Furthermore, discovery in the Valarity action will close on December

31, 2015, while there has not yet been a case management order entered in the Mercy case. The Mercy case is a purported class action, which typically imposes different procedural requirements than the single-plaintiff action, and consolidation would likely delay proceedings in the Valarity case during class discovery and certification in the Mercy case. Under these circumstances, the court declines to consolidate this action with the Mercy action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to consolidate [Doc. #48] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2015.