| | | |
|---|---|---|
| JOSEPH PETRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CV-72-CEJ |
| | ) | |
| VALARITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss Count VII of plaintiff's first amended complaint for failure to state a claim.  Plaintiff has filed a response in opposition, and the issues are fully briefed.

### I.    Background

In the first amended complaint, plaintiff Joseph Petri alleges that defendant Valarity, LLC attempted to collect a debt by using an automatic telephone dialing system to make repeated calls to plaintiff's cell phone.  According to plaintiff, the alleged debt arose from medical services that had been provided by a hospital.  The dialing system called during the day and evening, and it hung up on plaintiff numerous times.  Plaintiff requested that defendant stop calling his cell phone, but defendant disregarded this request and continued to contact plaintiff using the automated dialing system.

Plaintiff claims that the defendant's actions violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. (Counts I-V) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq*. (Count VI).  In Count VII, plaintiff asserts a claim of invasion of privacy based on Missouri law.

## II.  Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  Fed. R. Civ. P. 12(b)(6).  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Scheuer, 416 U.S. at 236.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## II.  Discussion

In Count VII, plaintiff alleges that defendant "intentionally intruded on his seclusion and privacy by frequently and continually calling" him.  First Am. Comp. ¶ 61 [Doc. #23].  He further alleges that the calls "were so repetitive and continuous and frequent" that they could be considered "hounding" and "a

substantial burden to [plaintiff's] existence." <u>Id.</u> ¶ 62.  Defendant argues that plaintiff has not alleged facts establishing the elements of an intrusion upon seclusion claim or facts establishing the plausibility of the claim.

Missouri law recognizes a right to privacy that is "legally protected, and violation of such right can under given circumstances provide an entitlement to relief." <u>Sofka v. Thal</u>, 662 S.W.2d 502, 509 (Mo. 1983).  The tort of invasion of privacy includes the "unreasonable intrusion upon the seclusion of another," which is defined as the intentional intrusion "physically or otherwise upon the solitude or seclusion of another or his private affairs or concerns" in a manner that would be "highly offensive to a reasonable person." <u>Id.</u> at 510.  To establish a claim of unreasonable intrusion upon seclusion, a plaintiff must prove "(1) the existence of a secret and private subject matter; (2) a right in the plaintiff to keep that subject matter private; and (3) the obtaining by the defendant of information about that subject matter through unreasonable means." <u>Ruzicka Elec. & Sons, Inc. v. Int'l Bhd. of Elec. Workers, Local 1, AFL-CIO</u>, 427 F.3d 511, 524 (8th Cir. 2005) (citing <u>Corcoran v. Southwestern Bell Telephone Co.</u>, 572 S.W.2d 212, 215 (Mo. Ct. App. 1978)).

Plaintiff argues that the hospital debt that defendant attempted to collect is a private matter that he had a right to keep private.  Pl's. Opp. at 3 [Doc. #29]. Assuming, *arguendo*, that the complaint sufficiently states the first two elements of the intrusion claim, it clearly fails to state the third element.  Plaintiff does not allege that defendant obtained the information about the hospital debt "through deception, illegal activity, or other unreasonable methods." <u>St. Anthony's Med. Ctr. v. H.S.H.</u>, 974 S.W.2d 606, 610 (Mo. Ct. App. 1998).    <u>See also</u> <u>Hester v. Barnett</u>,

723 S.W.2d 544, 563 (Mo. Ct. App. 1987) (allegations that defendant gained access to plaintiff's home through pretense in order to obtain damaging information sufficient to state a claim); Corcoran v. Southwestern Bell Tel. Co., 572 S.W.2d 212, 215 (Mo. Ct. App. 1978) (defendant obtained plaintiffs' phone bill by deception by opening sealed, first-class mail addressed to plaintiffs and reading contents without authorization).  Further, "[a] plaintiff cannot establish the defendant's use of 'unreasonable means' to obtain information if a defendant obtains such information in the ordinary course of business."  Thomas v. Corwin, 483 F.3d 516, 532 (8th Cir. 2007) (quoting St. Anthony's Med. Ctr. v. H.S.H., 974 S.W.2d 606, 610 (Mo. Ct. App. 1998)).  Here, plaintiff alleges that defendant was acting as a "debt collector" in its attempts to collect the debt on behalf of the hospital.  First Am. Comp. ¶ 7 [Doc. #23].  There is no allegation that defendant obtained the information about the debt other than through its normal course of business.

Plaintiff's claim in Count VII fails to rise above a speculative level.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count VII of the first amended complaint [Doc. #25] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2015.